NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHLEY GEORGES, | |
| Plaintiff, | Civil Action No. 23-05168-EP-AME |
| v. | OPINION and ORDER |
| BALAZS GALDHI, MD, et al., | |
| Defendants. | |

This matter is before the Court on the motion of Plaintiff *pro se* Ashley Georges ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). [D.E. 10]. The Court has considered the written submissions and rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is denied.

## I.     RELEVANT BACKGROUND

On April 17, 2024, the District Court issued an Opinion and Order following its screening of the amended complaint pursuant to 28 U.S.C. § 1915A, and review of Plaintiff's application to proceed *in forma pauperis* ("IFP"). [D.E. 12, 13]. In addition to granting the IFP application, the District Court dismissed all claims except Plaintiff's claims for denial of medical care under the Eight Amendment to the United States Constitution and medical malpractice against Defendant Balazs Galdhi, M.D. ("Dr. Galdhi"). [D.E. 12 (concluding that Plaintiff sufficiently stated those two claims based on the allegation that Dr. Galdhi refused to schedule Plaintiff for follow-up appointments because Plaintiff complained about Dr. Galdhi's treatment)].

## II.	DISCUSSION

Civil litigants do not have a constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, appoint an attorney to represent a litigant who is unable to afford counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (holding that the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e)). To determine whether appointed counsel is warranted, the Court must apply the analysis formulated by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

Under the *Tabron* framework, the threshold issue is "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155). For purposes of this motion only, and given the District Court's screening decision, this Court assumes the remaining portion of this action has arguable merit. Accordingly, the Court proceeds to consider the following six factors, as required by *Tabron*, in turn:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations; and
6. whether the case will require the testimony of expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit "[has] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Id.* (quoting *Parham*, 126 F.3d at 457). The decision "must be made on a case-by-case basis." *Id.* at 157-58. It has also cautioned that care should be exercised in appointing counsel in civil actions, as "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* (citing

*Parham*, 126 F.3d at 458). As set forth below, the Court concludes that appointment of *pro bono* counsel to represent Plaintiff in this action is not warranted, at least on this record.

First, Plaintiff has demonstrated he is able to present his own case. To evaluate this factor, *Tabron* instructs that "[c]ourts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. However, "the fact that an indigent party lacks a trial lawyer's skills does not mean that the court should grant [his] request for counsel." *Bragg v. Wilson*, No. 16-2868, 2017 WL 6554150, at *4 (D.N.J. Dec. 21, 2017) (citations and internal quotation marks omitted). Although Plaintiff does not appear to have legal training, he has thus far ably presented his case to the Court and demonstrated aptitude for the mechanics of submitting motions and applications for various relief. Indeed, he has been actively litigating this case on his own and his various filings show that he is not only literate but displays a firm command of the legal terminology and the basis for this action. In addition to the IFP application and this motion, Plaintiff has filed two complaints, including the operative, amended complaint that survived total dismissal. Thus, the first *Tabron* factor weighs heavily against granting Plaintiff's application for the appointment of counsel.

Second, Plaintiff asserts that "[t]he number of defendants, some of whom are supervisory officials … , presents complex legal issues of determining which defendants were sufficiently personal involved in the constitutional violations to be held liable." [D.E. 10 at 7]. However, Plaintiff's concerns on this score have been mooted by the District Court's screening decision, which dismissed every supervisory defendant. [D.E. 12, 13]. The presence of complex legal issues supports the appointment of counsel only "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Tabron*, 6 F.3d at 156 (internal citation omitted). Here, the surviving claims

revolve around the straightforward allegation that Dr. Galdhi violated Plaintiff's Eight Amendment rights and committed medical malpractice for refusing to schedule him for follow-up medical appointments in retaliation for Plaintiff's complaints. [D.E. 12 at 12-13]. Thus, as this lawsuit does not involve overly complex legal or factual issues, the second *Tabron* factor also weighs heavily against appointing *pro bono* counsel.

Third, this action is unlikely to require extensive discovery given the single remaining defendant and limited number of claims. While Plaintiff has alleged difficulties in prosecuting this action in light of his imprisonment and limited access to the prison's law library, he has not sufficiently articulated why he lacks the ability to conduct a factual investigation or to obtain documentary evidence. To the contrary, Plaintiff has already shown a capability for accessing resources, drafting legal documents, reviewing case filings, and complying with deadlines. As Plaintiff has not raised any insurmountable difficulty in engaging in discovery, the third *Tabron* factor also weighs against the appointment of *pro bono* counsel.

Fourth, the Court must consider whether Plaintiff can afford counsel. Typically, this factor depends on whether the movant has been granted *in forma pauperis* status. *Montgomery*, 294 F. 3d at 505. Here, Plaintiff has established his indigence. [*See* D.E. 12, 13]. Accordingly, the fourth *Tabron* factor weighs in favor of appointment of counsel.

Fifth, in its current stage of development, prior to the commencement of discovery, this action does not appear to necessarily depend on credibility determinations. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460 ("While the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not."). Nothing in the record so far suggests this case will involve a

4

swearing contest or depend on credibility determinations, particularly as the sole defendant has yet to appear in this action. Accordingly, this factor also weighs against the relief sought.

Finally, the Court must consider whether the action may require expert testimony. Plaintiff's asserts, based on his own assessment, that there is a likelihood expert testimony may be necessary, at least in a limited way, in connection with his medical malpractice and denial of medical care claims. *See Montgomery*, 294 F.3d at 503-04 (holding that where a claim is based on medical injury, expert testimony is needed, thus favoring the appointment of *pro bono* counsel). In the absence of contrary indications in the record, the fifth *Tabron* factor leans in favor of appointment of counsel.

Ultimately, no single *Tabron* factor is determinative of the question of whether appointment of counsel is appropriate under Section 1915. *Parham*, 126 F.3d at 458. While Plaintiff's indigence and the potential need for expert witnesses favor appointing counsel, the totality of the circumstances militate against allocating the scarce resource of *pro bono* counsel to represent Plaintiff in this action.

### III.    CONCLUSION AND ORDER

**WHEREAS**, for the foregoing reasons, the Court concludes, in its discretion, that appointment of *pro bono* counsel to represent Plaintiff is not warranted. Accordingly,

**IT IS** on this 21st day of May, 2024,

**ORDERED** that Plaintiff's motion for appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 10] is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall terminate the motion at D.E. 10, and serve a copy of this Order on Plaintiff.

    /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA, U.S.M.J.