<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHLEY GEORGES,<br><br>    Plaintiff,<br><br>v.<br><br>BALAZS GALDHI, MD, *et al.*,<br><br>    Defendants. | No. 23cv5168 (EP) (AME)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Ashley Georges, a prisoner at South Woods State Prison ("SWSP"), brought an action against the East Jersey State Prison ("EJSP")[1] and various entities and officials for alleged violations of 42 U.S.C. § 1983; the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 et seq. ("NJCRA"); and the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1 *et seq*. ("NJTCA"). D.E. 7 ("Amended Complaint" or "Am. Compl."). The Court previously screened the Amended Complaint pursuant to 28 U.S.C. § 1915A and dismissed all claims and parties, except for Claims II (denial of medical care) and III (medical malpractice pursuant to the NJTCA) against Defendant Dr. Balazs Galdhi ("Dr. Galdhi"). D.E. 12 at 12-13. Plaintiff now moves for a temporary restraining order ("TRO") and preliminary injunction ("PI"). D.E. 19 ("Motion" or "Mot."). Due to Plaintiff's failure to justify the extraordinary remedy of a preliminary injunction, and for failure to comply with the Federal Rules of Civil Procedure, the Court will **DENY** the Motion *without prejudice*.

---

[1] Plaintiff was previously incarcerated at EJSP.

I.      BACKGROUND

The Court summarizes Plaintiff's allegations relevant to the remaining Defendant Dr. Galdhi and the Motion. According to the Amended Complaint, Plaintiff was injured during his recreation time at EJSP on July 4, 2021. Am. Compl. ¶ 4. Plaintiff was taken to the University of Medicine and Dentistry of New Jersey ("UMDNJ") Hospital in Newark, New Jersey, where he was designated as a "forensic patient" pursuant to the agreement between New Jersey Department of Corrections ("NJDOC") Commissioner Victoria Kuhn and the UMDNJ Director. *Id.* ¶¶ 7-11. Plaintiff's medical treatment was limited due to this agreement. *Id.* ¶¶ 12-16.

Plaintiff received a blood test that determined his enzyme required a Saline IV "to dilute the enzymes from his blood to eliminate potential complications with his kidneys." *Id.* ¶ 17. He was advised that he would be scheduled for a follow up to see specialist Defendant Dr. Galdhi within three weeks, but because of Plaintiff's "repeated complaints, Defendant [Dr.] Galdhi refused to reschedule Plaintiff for non-medical purposes." *Id.* ¶ 20. Plaintiff had the follow-up appointment in October 2021, where it was determined that an MRI was necessary and would be scheduled by Defendant Dr. Galdhi. *Id.* ¶ 22. Plaintiff alleges that Defendant Dr. Galdhi refused to schedule him for an MRI due to Plaintiff's complaints and NJDOC and UMDNJ's policies. *Id.*

In his Motion, Plaintiff avers that his condition stemming from his 2021 injury has worsened. Mot. at 2. Plaintiff was re-evaluated and consulted by SWSP's medical provider in March 2024, "rescreened for a MRI and approved." *Id.* Plaintiff has not received treatment since then, despite pursuing medical care at SWSP and Northern State Prison. *Id.* Plaintiff seeks to enjoin Defendant Dr. Galdhi[2] "to ensure that he receives proper medical care." *Id.* at 4.

---

[2] Plaintiff's Motion seeks an injunction against "the defendants in this matter," *id.* at 2, but as the Court explained *supra*, Defendant Dr. Galdhi is the only remaining Defendant.

II.   **LEGAL STANDARD**

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). The primary purpose of preliminary injunctive relief is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cty.*, 40 F.3d 645, 647 (3d Cir. 1994). In order to obtain a TRO or PI, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted . . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. Cnty. of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (citing *Del. River Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)).

The movant bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179. A court may issue an injunction to a plaintiff "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback & Conserve Program*, 42 F.3d 1421, 1427 (3d Cir. 1994); *see also P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) ("The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate."); *Ferring*, 765 F.3d at 210.

3

### III. ANALYSIS

Federal Rule of Civil Procedure 65(b)(1) "limits the Court's ability to issue a TRO to instances when (i) the 'specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the' party seeking the TRO and (ii) the party seeking the TRO 'certifies in writing any efforts made to give notice and the reasons why it should not be required.'" *Kenny v. Toms River Twp. Bd. of Adjustment*, No. 18-11461, 2018 WL 4442231, at *1 (D.N.J. Sept. 17, 2018) (quoting Fed. R. Civ. P. 65(b)(1)). Defendant Dr. Galdhi has not appeared in this action[3] and Plaintiff provides no documentation certifying any efforts to give notice to Defendant Dr. Galdhi or why notice should not be required. Accordingly, the Court will **DENY** the Motion on this basis alone.

Moreover, Plaintiff fails to meet his burden to establish the propriety of injunctive relief as he appears to seek relief against new Defendants for new alleged violations. To sustain his burden, Plaintiff must demonstrate both a likelihood of success on the merits and irreparable harm. *Abu-Jamal v. Price*, 154 F.3d 128, 133 (3d Cir. 1998). "As these elements suggest, there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010), further quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

---

[3] On September 5, 2024, the Clerk of Court entered an "executed" summons from the U.S. Marshals Service. D.E. 20. According to that return of service, the U.S. Marshals Service certified that it effectuated service by hand delivery to "Mary Sutera" the "Acting Business Ma[na]ger" at UMDNJ on July 15, 2024. *Id.* As Plaintiff identified "University Hospital, UMDNJ" as the party to be served, it does not appear that service was proper as to Dr. Galdhi under Federal Rule of Civil Procedure 4.

4

Plaintiff alleges Defendant Dr. Galdhi denied Plaintiff medical care at UMDNJ in 2021. Am. Compl. ¶¶ 20-22. He brings an Eighth Amendment and NJTCA claim based on the foregoing conduct. *Id.* ¶¶ 32-38. Plaintiff now avers that he was rescreened and approved for an MRI when he was re-evaluated in March 2024 by SWSP. Mot. at 3. He has not received medical treatment since then. *Id.* He seeks to enjoin Defendant Dr. Galdhi to "arrange for an exami[nation] and a plan of treatment by a qualified specialist[.]" *Id.* However, Plaintiff "cannot amend or supplement his complaint by filing a motion for injunctive relief in which he raises new claims against new defendants." *Jones v. Edwards*, No. 23-199, 2023 WL 9321093, at *2 (W.D. Pa. Oct. 20, 2023). Accordingly, the Court will **DENY** the Motion on this basis as well. However, given Plaintiff's *pro se* status, the Court will grant Plaintiff leave to further amend his Amended Complaint.

IV.   **CONCLUSION AND ORDER**

For the reasons above, it is

**ORDERED** that the Motion, D.E. 19, is **DENIED** *without prejudice*; and it is further

**ORDERED** that within thirty days of this Memorandum Order Plaintiff shall file a Second Amended Complaint, limited to the new allegations described in the Motion; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff by regular U.S. mail.

Dated: September 6, 2024

_____
Evelyn Padin, U.S.D.J.