NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASHLEY GEORGES,

    Plaintiff,

v.

BALAZS GALDHI, MD, *et al.*,

    Defendants.

No. 23cv5168 (EP) (AME)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

*Pro se* Plaintiff Ashley Georges, a prisoner at South Woods State Prison, brought this action against the East Jersey State Prison ("EJSP")[1] and various entities and officials for alleged violations of 42 U.S.C. § 1983; the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 *et seq.* ("NJCRA"); and the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1 *et seq.* ("NJTCA"). D.E. 7 ("Amended Complaint" or "Am. Compl.").[2] Plaintiff also moved for the appointment of pro bono counsel, D.E. 10, which the Hon. André M. Espinosa, U.S.M.J., denied. D.E. 17 ("Pro Bono Order"). Plaintiff moved for reconsideration of the Pro Bono Order, D.E. 18, which Judge Espinosa also denied. D.E. 26 ("Reconsideration Order"). Presently before the Court is Plaintiff's appeal of the Reconsideration Order. D.E. 27 ("Appeal"). The Court has reviewed Plaintiff's

---

[1] Plaintiff was previously incarcerated at EJSP.
[2] The Court previously screened the Amended Complaint pursuant to 28 U.S.C. § 1915A and dismissed all claims and parties, except for Claims II (denial of medical care) and III (medical malpractice pursuant to the NJTCA) against Defendant Dr. Balazs Galdi. D.E. 12 at 12-13. Plaintiff moved for a temporary restraining order and preliminary injunction, D.E. 19, which the Court denied *without prejudice*. D.E. 21. Plaintiff was afforded the opportunity to further amend his Amended Complaint, limited to the new allegations described in the aforementioned motion. *Id.* Plaintiff's Second Amended Complaint, D.E. 23, did not comply with this Court's Order and was struck from the docket. D.E. 24. Plaintiff re-filed a Second Amended Complaint. D.E. 25.

Appeal and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons below, the Court will **DENY** the Appeal and **AFFIRM** Judge Espinosa's Pro Bono Order and Reconsideration Order.

I.   **BACKGROUND**

Pursuant to 28 U.S.C. § 1915(e)(1), Courts have the discretion to appoint attorneys to represent litigants who cannot afford counsel. In the Pro Bono Order, Judge Espinosa applied the factors articulated in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) to determine whether Plaintiff's request for the appointment of counsel was warranted. *Id.* at 2. These factors are:

> (1) the [party's] ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the [party] to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the [party] can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5).

Judge Espinosa found that four out of six of the *Tabron* factors weighed against appointment of counsel: Plaintiff has demonstrated an ability to present his own case; the lawsuit, after this Court's screening, does not involve overly complex legal or factual issues; relatedly, the action is unlikely to require extensive discovery; and given discovery has not yet commenced in this action, it does not appear to necessarily turn on credibility determinations. Pro Bono Order at 3-5. Judge Espinosa found that Plaintiff did establish his indigence and acknowledged that in the absence of contrary indications on the record, there is a likelihood that expert testimony may be needed. *Id.* at 4-5. Plaintiff disputed such findings and moved for reconsideration. In particular, he contested his capacity to conduct a factual investigation in the case, citing his inability to successfully serve Defendants. D.E. 18 at 2. He also pointed to other cases in which he was

appointed pro bono counsel as evidence of his inability to present his own case. *Id.* Plaintiff further stated that Eighth Amendment deliberate indifference claims involve complex legal issues. *Id.*

Judge Espinosa denied the motion, finding that Plaintiff failed to show "at least one of the following: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" Reconsideration Order at 3 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted)). Judge Espinosa could not discern the exact nature of Plaintiff's ground for reconsideration, but presumed "Plaintiff believes the Court erred in its prior decision or that there is a need to prevent manifest injustice." *Id.* at 4. To satisfy this ground, Judge Espinosa explained, Plaintiff must have shown that the Court "overlooked a factual or legal issue that may alter the disposition of the matter." *Id.* (citing *Cottrell v. Good Wheels*, No. 08-1738, 2011 WL 3361522, at *2 (D.N.J. Aug. 3, 2011) (citations omitted), *aff'd*, 458 F. App'x 98 (3d Cir. 2012). As Plaintiff failed to show any issue the Court overlooked, his motion for reconsideration was denied. *Id.* at 7. The Appeal followed.

## II.    LEGAL STANDARD

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court. 28 U.S.C. § 636(b)(1)(A). In considering an appeal of a non-dispositive order by a magistrate judge, a district court will normally modify or vacate an order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).

"A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" *Coyle v. Hornell*

3

*Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (quoting *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "'Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'" *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). "A [ruling] is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The appealing party bears the burden of establishing that the magistrate judge's decision was clearly erroneous or contrary to law. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

III.   ANALYSIS

Plaintiff's Appeal repeats many of the same arguments raised in his motion for reconsideration; primarily, that Plaintiff's inability to serve the parties in this matter demonstrates his inability to present this case and that the legal complexities and investigations required in this matter are too challenging for an indigent prisoner to conduct. Appeal at 5-6. However, "[a] district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). Therefore, even if the undersigned "might have decided the matter differently," the reviewing court "will not reverse the magistrate judge's determination" under the relevant standard of review. *Bowen v. Parking Auth. of City of Camden*, No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002). Furthermore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's

4

burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989)). Plaintiff neither raises new arguments in the Appeal nor points to a complete lack of evidence supporting Judge Espinosa's balancing of the *Tabron* factors. Accordingly, the Court will **AFFIRM** Judge Espinosa's decisions.

Nonetheless, as the Court recognizes Plaintiff's ability to present his case may be further compounded as the case proceeds, he is given leave to refile his request for counsel after the commencement of discovery. While Plaintiff has thus far ably presented his case, one of his surviving claims is for medical malpractice. Medical malpractice cases "involve[] complex facts and medical records that even most lawyers struggle to comprehend." *Parham*, 126 F.3d at 460. Judge Espinosa noted expert testimony would likely be required as a result. Pro Bono Order at 4-5. And "[i]n matters where Plaintiff is likely to need an expert witness in medical malpractice claims, Courts have routinely appointed *pro bono* counsel." *Farmer v. Lanigan*, No. 12-5716, 2015 WL 3448081, at *3 (D.N.J. May 28, 2015). The factual investigation may also prove "likely beyond Plaintiff's capacity" as he will "need to obtain subpoenas for his hospital records." *Romero v. Ahsan*, No. 13-7695, 2015 WL 5455838, at *7 (D.N.J. Sept. 16, 2015).

### IV.    CONCLUSION AND ORDER

Therefore, for the foregoing reasons, it is

**ORDERED** that Plaintiff's Appeal, D.E. 27, is **DENIED**; and it is further

**ORDERED** that Judge Espinosa's Pro Bono Order and Reconsideration Order, D.E.s 17, 26, are **AFFIRMED**; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff by regular U.S. mail.

5

Dated: January 15, 2025

                                                                          Evelyn Padin, U.S.D.J.