<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHLEY GEORGES,<br><br>    Plaintiff,<br><br>    v.<br><br>BALAZS GALDHI, MD, *et al.*,<br><br>    Defendants. | No. 23cv5168 (EP) (AME)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Ashley Georges, a prisoner at South Woods State Prison, brought this action against the East Jersey State Prison ("EJSP")[1] and various entities and officials for alleged violations of 42 U.S.C. § 1983; the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 *et seq.* ("NJCRA"); and the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1 *et seq.* ("NJTCA"). D.E. 7 ("Amended Complaint" or "Am. Compl.").[2] Georges moves for default judgment against Defendant Dr. Galdi.[3] D.E. 32 ("Motion" or "Mot."). Dr. Galdi moves to vacate the Clerk's Entry of Default against him, D.E. 33 ("Cross-Motion" or "Cross-Mot."), and opposes Georges' Motion,

---

[1] Plaintiff was previously incarcerated at EJSP.
[2] The Court previously screened the Amended Complaint pursuant to 28 U.S.C. § 1915A and dismissed all claims and parties, except for Claims II (denial of medical care) and III (medical malpractice pursuant to the NJTCA) against Defendant Dr. Balazs Galdi. D.E. 12 at 12-13. Plaintiff moved for a temporary restraining order and preliminary injunction, D.E. 19, which the Court denied *without prejudice*. D.E. 21. Plaintiff was afforded the opportunity to further amend his Amended Complaint, limited to the new allegations described in the aforementioned motion. *Id.* Plaintiff's Second Amended Complaint, D.E. 23, did not comply with this Court's Order and was struck from the docket. D.E. 24. Plaintiff re-filed a Second Amended Complaint. D.E. 25. As Plaintiff's new allegations exceeded those described in his motion, he again did not comply with this Court's Order. D.E. 21. The Court will therefore rely on the Amended Complaint to describe the background of this case. As explained *infra*, the Court will also afford Plaintiff one final opportunity to amend his complaint.
[3] Defendant corrects the spelling of his name, improperly plead in this matter. D.E.s 33-34.

D.E. 34 ("Opp'n"). The Court decides the motions without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court will **GRANT** the Cross-Motion and **DENY** the Motion.

## I.     BACKGROUND

The factual background of this case is set forth in detail in the Court's prior opinion, D.E. 12, and the Court assumes familiarity with the background of this case.

Georges alleges that he was injured during his recreation time at EJSP on July 4, 2021. Am. Compl. ¶ 4. He was taken to the University of Medicine and Dentistry of New Jersey ("UMDNJ") Hospital in Newark, New Jersey, where he was designated as a "forensic patient" pursuant to the agreement between New Jersey Department of Corrections ("NJDOC") Commissioner Victoria Kuhn and the UMDNJ Director. *Id.* ¶¶ 8-11. Georges was told that necessary tests such as an MRI were restricted without NJDOC approval because he was a forensic patient. *Id.* ¶ 15.

Georges was advised that he would be scheduled for a follow up to see Dr. Galdi, but because of his "repeated complaints, [Dr. Galdi] refused to reschedule Plaintiff for non-medical purposes." *Id.* ¶ 20. He had a follow-up appointment in October 2021, where it was determined that an MRI was necessary and would be rescheduled by Dr. Galdi. *Id.* ¶ 22. Georges alleges that Dr. Galdi refused to schedule him for an MRI due to his complaints and NJDOC and UMDNJ's policies. *Id.* Despite Georges' treatment requests, he was not scheduled for an MRI until June 2022. *Id.*

## II.    PROCEDURAL HISTORY

Georges' original Complaint was removed to this Court on August 18, 2023. D.E. 1. The Amended Complaint was screened, as explained *supra*, n.2, and Georges was instructed to

complete a USM-285 form for Dr. Galdi for the U.S. Marshals Service to effectuate service. D.E. 13. Dr. Galdi was purportedly served on July 15, 2024. D.E. 20 ("Proof of Service"). Following an absence of responsive pleadings from Dr. Galdi and an expiration of his response deadlines, Georges requested a Clerk's Entry of Default against Dr. Galdi on January 6, 2025, D.E. 29, which the Clerk of Court subsequently entered on January 7, 2025. Dr. Galdi appeared on January 15, 2025. D.E. 30. Georges now moves for default judgment. *See* Mot. Dr. Galdi opposes, *see* Opp'n, and cross-moves to vacate the Clerk's Entry of Default. *See* Cross-Mot.

### III.   LEGAL STANDARD

Courts may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Courts generally disfavor default, preferring decisions on the merits. *See Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).

In situations such as here, where Georges moves for default judgment and Dr. Galdi cross-moves to vacate the Clerk's Entry of Default, courts in this District evaluate motions to vacate first. *See Ramada Worldwide Inc. v. Abel Lodging, LLC*, No. 14-2683, 2014 WL 5361914, at *1 (D.N.J. Oct. 21, 2014). An entry of default by the Clerk may be set aside "for good cause." Fed. R. Civ. P. 55(c). A decision to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) is left primarily to the discretion of the Court. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984).

When determining whether to vacate default, the Court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *Id.* at 195. However, "the

3

Third Circuit and multiple district courts within the Circuit have recognized that an entry of default or a default judgment can be set aside if it was not properly entered at the outset, including circumstances where proper service of the complaint is lacking." *Taylor v. Gilliam*, No. 13-2947, 2013 WL 6253654, at*6 (D.N.J. Dec. 4, 2013); *see also Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985).

IV.   ANALYSIS

The Court first notes that the substantive extent of Georges' Motion is that he moves before the Court "for entry of a default judgment in favor of the Plaintiff." Mot. at 3. A motion that contains no legal argument or that is unaccompanied by a brief or statement that no brief is necessary violates Local Civil Rule 7.1(d) "and may be denied on that basis alone." *Roy v. Ramsey Moving Sys.*, No. 15-3330, 2016 WL 1163932, at *4 n.2 (D.N.J. Mar. 23, 2016). Georges fails to do so and the Court could (but will not) deny the Motion on this basis.

Dr. Galdi argues that he was not properly served with the Summons and Complaint in this action. Cross-Mot. at 8-10. The Court agrees. Fed. R. Civ. P. 4(e) sets forth how to properly serve individuals.

> [A]n individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Based on the facts set forth in Dr. Galdi's Cross-Motion, which are uncontested by Georges, the Court agrees that service was not effectuated pursuant to any of the foregoing

4

methods. *First*, Dr. Galdi was not personally served. D.E. 33-1 ¶ 3 ("Galdi Decl."); Proof of Service. *Second*, the Proof of Service does not specify what filings were served, but regardless, the U.S. Marshals Service purportedly effectuated service on UMDNJ, which does not constitute Dr. Galdi's "dwelling or usual place of abode[.]" Fed. R. Civ. P. 4(e)(2)(B); *Gipson v. Bass River Twp.*, 82 F.R.D. 122, 125 (D.N.J. 1979). *Lastly*, purported service upon "Mary Sutera," the "Acting Business Manager" of UMDNJ, does not satisfy Fed. R. Civ. P. 4(e)(2)(C).

Dr. Galdi attests that at the time of the alleged service, he did not know Ms. Sutera and did not authorize her to accept service on his behalf. Galdi Decl. ¶ 5. Ms. Sutera is not his authorized representative, nor did she notify him of the purported service of the Summons and Complaint. *Id.*

As Georges did not oppose Dr. Galdi's Cross-Motion, he has not met his burden to prove an agency relationship existed between Dr. Galdi and Ms. Sutera. *Dunkley v. Rutgers*, No. 06-5762, 2007 WL 2033827, at *2 (D.N.J. July 11, 2007). Accordingly, good cause exists to vacate the Clerk's Entry of Default. *See Smalls v. Buckalew Frizzell & Crevina LLP*, No. 13-4637, 2014 WL 2889645, at *1 (D.N.J. June 25, 2014).

V.    CONCLUSION

For the above reasons, the Court will **GRANT** Defendant's Cross-Motion, D.E. 33, and **DENY** Plaintiff's Motion, D.E. 32. As Plaintiff was instructed to limit further amendment of his complaint to new allegations described in his previous motion, D.E. 24, but exceeded the scope of the Court's Order by including additional allegations, the Clerk of Court shall again **STRIKE** the Second Amended Complaint from the docket, D.E. 25. Plaintiff shall file an amended complaint within **30 days**, which shall include all allegations from the Amended Complaint, D.E. 7, and limit new allegations per the Court's previous instructions. Defendant shall answer or otherwise respond to the Second Amended Complaint within **21 days** of its filing. If Plaintiff does not timely

file a Second Amended Complaint, Defendant shall answer or otherwise respond to the Amended Complaint within **21 days** of the expiration of Plaintiff's deadline.[4] An appropriate Order accompanies this Opinion.

Dated: March 5, 2025

*Evelyn Padin*
Evelyn Padin, U.S.D.J.

---

[4] The Court recognizes that Dr. Galdi answered the now struck Second Amended Complaint, D.E. 25, in opposition. D.E. 34-2.