**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ASHLEY GEORGES, | |
| Plaintiff, | No. 23cv5168 (EP) (AME) |
| v. | **MEMORANDUM ORDER** |
| BALAZS GALDHI, | |
| Defendant. | |

**PADIN, District Judge.**

*Pro se* Plaintiff Ashley Georges is a prisoner confined in the Northern State Prison in Newark, New Jersey. Georges brings claims for medical malpractice and deliberate indifference to medical need, D.E. 38 ("Am. Compl."),[1] and moves for a preliminary injunction requiring that Defendant Dr. Balazs Galdi[2] ("Dr. Galdi") provide Georges with medical treatment. D.E. 39 ("Motion" or "Mot.").[3] Defendant opposed the Motion. D.E. 41 ("Opp"). The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court will **DENY** the Motion.

## I.     BACKGROUND

Dr. Galdi is a board-certified orthopedic surgeon employed by Rutgers and has privileges to practice at the University Hospital for Rutgers, The State University of New Jersey (the "University Hospital"). D.E. 41-2 ("Dr. Galdi Decl.") ¶¶ 1–2. Dr. Galdi is not and has never been

---

[1] Georges's operative complaint is D.E. 38.
[2] Georges named "Balazs Galdhi" upon filing suit, but Defendant's name is "Balazs Galdi." *See* D.E. 41. The Court correctly spells Defendant's surname here.
[3] Georges's Motion also requested a temporary restraining order in this same filing, which this Court denied. D.E. 40.

employed by New Jersey Department of Corrections ("NJDOC").  *Id.* ¶ 5.  Dr. Galdi does not have access to the medical records that NJDOC might maintain for Georges and does not know why Georges has not received his requested medical treatment.  *Id.* ¶¶ 11–12.

Georges is currently confined in Northern State Prison in Newark, New Jersey.  D.E. 38 ("Compl.") ¶ 1.[4]  Georges relies on the NJDOC to provide him with medical care.  *Id.* ¶ 8.  In July 2021, Georges went to a hospital for a shoulder injury.  D.E. 39-2 ("Georges Decl.") ¶ 3.  After Georges's hospital visit, he was allegedly scheduled for a follow up visit with Dr. Galdi but for reasons unknown, Georges did not see Dr. Galdi at that later time.  Compl. ¶¶ 9–10.

Later in October 2021, Dr. Galdi allegedly also determined that Georges needed an MRI to properly evaluate his shoulder injuries.  *Id.* ¶¶ 11–12.  Georges received an MRI in June 2022, *id.* ¶ 15, and a physician then diagnosed Georges with a torn left pectoral muscle, Georges Decl. ¶ 1.  It appears that Georges has not received any new MRIs since.  In March 2024, another physician screened and approved Georges for an MRI.  *Id.* ¶ 4.  Georges did not receive the MRI.  *Id.*  Georges was screened and approved for another MRI again in August 2024, and again in November 2024.  *Id.* ¶¶ 6–7.  But it does not appear that Georges received those MRIs either.  He has, however, felt lingering pain in his left chest and shoulder ever since the injury, and receives mental health treatment for distress related to his injury.  *Id.*  ¶¶ 2–3, 9.

## II.    LEGAL STANDARD

A preliminary injunction is "'an extraordinary remedy' and 'should be granted only in limited circumstances.'"  *See Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)

---

[4] Because Georges proceeds *pro se*, the Court construes his Motion liberally and considers his operative complaint for further relevant information.

(quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)).  Such extraordinary relief should be granted only if a party shows:

> (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.

*Id.* (citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)).  Although the first two factors are particularly critical, *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017), a party's "failure to establish any element in its favor renders a preliminary injunction inappropriate," *Conestoga Wood Specialties Corp. v. Secretary of U.S. Department of Health and Human Services*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013) (quoting *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)).  The primary purpose of preliminary injunctive relief is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cnty.*, 40 F.3d 546, 647 (3d Cir. 1994).

## III.    ANALYSIS

Georges seeks an injunction requiring that Dr. Galdi provide Georges medical treatment. Mot. at 6.  For the reasons below, Georges fails to show that the injunctive relief he seeks is appropriate.

### A.    Likelihood of Success on the Merits

The Court first considers whether Georges has established a likelihood of success on the merits with respect to his medical malpractice claims (to the extent he properly argues any) and to his deliberate indifference claim.

#### 1.  Medical malpractice

To state a claim for medical malpractice, Georges must show that Dr. Galdi owed him a duty of care, and that Dr. Galdi breached that duty.  *See Natale v. Camden Cnty. Corr. Facility*, 318

F.3d 575, 579 (3d Cir. 2003).  The New Jersey Affidavit of Merit Statute (the "AOM Statute") additionally requires that a medical malpractice plaintiff file an Affidavit of Merit ("AOM") to support his claims.  N.J.S.A. § 2A:53A-27.  However, an AOM need not be filed when "common knowledge makes apparent a [medical malpractice] claim's merit."  *Natale*, 318 F.3d at 380.

To the extent Georges alleges a preliminary injunction should issue because of Dr. Galdi's medical malpractice, Georges's claims are unlikely to succeed on the merits.  Georges has yet to file an AOM to support his claims.  Georges had sixty days following the filing of Defendant's Answer, (D.E. 42), on April 14, 2025, to submit an AOM.  N.J.S.A. § 2A:53A-26.  The AOM Statute functions "to weed out frivolous claims against licensed professionals early in the litigation process."  *Meehan v. Antonellis*, 226 N.J. 216, 227 (2016) (citing *Ferreira v. Rancocas Orthopedic Assocs.*, 178 N.J. 144, 146 (2003)); *see also Vitale v. Carrier Clinic, Inc.*, 409 F. App'x 532, 533–34 (3d Cir. 2010).  Georges has provided no AOM and has therefore failed to make a "threshold showing" that his claim is meritorious.  *Cornblatt v. Barrow*, 153 N.J. 218, 242 (1998).

Nor can common knowledge make the merits of Georges's medical malpractice claim apparent.  Georges has provided no documentation supporting his claims of medical malpractice and the Court is therefore unable to evaluate his claim or whether common knowledge supports it. *See, e.g.*, D.Es. 38, 39-2.

### 2.   *Deliberate indifference*

To state a claim under 42 U.S.C. § 1983 for the denial of medical care in violation of the Eighth Amendment, Georges must establish that a defendant acting under color of state law showed deliberate indifference to his serious medical needs.  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  Deliberate indifference requires proof that the defendant "knows of and disregards an excessive risk to inmate health or safety,"  *Natale*, 318 F.3d

4

at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)), which constitutes "unnecessary and wanton infliction of pain," *Estelle*, 429 U.S. at 104. "Claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference." *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999).

Georges's arguments that Dr. Galdi has interfered with his medical care are conclusory and unsupported. Georges argues that Dr. Galdi interfered with his medical treatment and that his failure to provide medical treatment—which he states had been documented and approved by NJDOC—violated his constitutional rights. Mot. at 1, 4. But Dr. Galdi is not an NJDOC employee. Dr. Galdi Decl. ¶¶ 2, 5. Dr. Galdi does not know why Georges has not received the medical care he is asking for, *id.* ¶ 12, and Georges does not show how he could have known. Indeed, Dr. Galdi has no authority or involvement with screening patients or scheduling them for medical visits. *Id.*

Georges has therefore failed to demonstrate Dr. Galdi's knowledge of and disregard for Georges's medical needs.

### B.    Irreparable Harm

The Court next considers whether Georges has demonstrated irreparable harm. To succeed, Georges must show that he is "more likely than not to suffer irreparable harm absent the relief requested." *Jose M. C. v. Tsoukaris*, 467 F. Supp. 3d 213, 226 (D.N.J. 2020).

Georges alleges that he suffers pain and discomfort daily, that his mental health has deteriorated, and that he faces permanent disability in his left shoulder if he continues to be untreated. Mot. at 1–2. But Georges provides no corroborating documentation, testimony, or opinion demonstrating the seriousness of his injuries or the necessity of the treatment he seeks. The Court is not able, based solely on Georges's declaration, to evaluate the seriousness of his

medical injuries or to determine what type of relief he needs. *See Rush v. Corr. Med. Servs., Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (affirming the district court's finding that the record did not support that plaintiff's atrophied shoulder face irreparable harm).

In addition, "[b]ecause of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution." *Abaraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009). Dictating specific medical treatment for Georges without confirming Georges's injury and his need for treatment could harm Georges. *See Montgomery v. Aparatis Dist. Co.*, No. 13-5382, 2014 WL 1340033, at *9 (D.N.J. Apr. 1, 2014) ("[D]irecting that Defendant provides Plaintiff with an MRI, would effectively have this Court making an *ad hoc*, and individual decision concerning the treatment of a single prisoner, which could possibly harm both the Defendant's and the public's interest.").

Finally, even assuming that Georges needs treatment to avoid irreparable injury, it does not follow that Dr. Galdi must—or even can—arrange Georges's treatment. Because Georges has not shown that Dr. Galdi has the authority to provide Georges with the relief he seeks, Georges has not shown that he faces irreparable harm in the absence of the requested injunction.

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, the Court will **DENY** the Motion for a preliminary injunction *without prejudice*. Accordingly,

**IT IS** on this 9th day of October 2025, for the foregoing reasons,

**ORDERED** that Plaintiff's Motion, D.E. 39, is **DENIED** *without prejudice*; and it is further

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff by regular U.S. mail.

6

Dated: October 9, 2025

_____

Evelyn Padin, U.S.D.J.